IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE SCOTT,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | EP-20-CV-229-DB |
| LATUNJA JONES, Warden,<br>Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Kenneth Wayne Scott, state prisoner number 632864, brings before the Court a third petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 1-2. Therein, he challenges Latunja Jones' custody over him based on his 1992 convictions for aggravated sexual assault, attempted capital murder, and aggravated kidnapping in cause number 66723 in the 210th Judicial District Court of El Paso County, Texas. *Id.* at 2. "He was sentenced to two terms of life and one term of twenty years." *Ex parte Scott*, No. WR-28,955-10, 2020 WL 4214357, at *1 (Tex. Crim. App. July 22, 2020). His convictions were affirmed by the Eighth Court of Appeals. *Scott v. State*, No. 08-93-00007-CR (Tex. App.—El Paso Oct. 20, 1993) (not designated for publication).

Scott's first § 2254 petition in cause number EP-96-CV-277-WRF was denied on June 27, 1997, and his request for a certificate of appealability was denied by the Fifth Circuit Court of Appeals on December 10, 1997. His second § 2254 petition in cause number EP-00-CV-224-PRM was dismissed on November 14, 2002, after he failed to obtain authorization under 28 U.S.C. § 2244(b)(3)(A) from the Fifth Circuit for the Court to consider a second or successive petition. His third § 2254 petition in the instant case was filed on August 17, 2020. Once again, he failed to provide evidence that he obtained prior authorization from the Fifth

Circuit for this Court to consider his petition.

Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), in part to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). It requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless "the claim relies on a new rule of constitutional law . . . or . . . the factual predicate . . . could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2). More importantly, it bars a district court from considering second or successive petitions unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (explaining § 2244(b)(3)(A) acts as a jurisdictional bar to a district court asserting jurisdiction over any successive habeas petition until a court of appeals grants the petitioner permission to file one); *Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir. 1999) ("[T]he district court lacked jurisdiction to construe Hooker's petition as a § 2255 motion because he had not received prior authorization from us to file a successive § 2255 motion.").

Because Scott has not shown the requisite authorization from the Fifth Circuit, the Court concludes that it lacks jurisdiction to hear his claims. *Key*, 205 F.3d at 774; *Hooker*, 187 F.3d at 681–82. The Court must accordingly dismiss Scott's petition without prejudice to his re-filing, should he obtain proper approval from the Fifth Circuit.

The AEDPA also requires a certificate of appealability before an appeal may proceed in this matter. 28 U.S.C. § 2253; *see Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997)

(noting that appeals of causes initiated under either 28 U.S.C. §§ 2254 or 2255 require a certificate of appealability). To warrant the grant of the certificate as to claims that a district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, reasonable jurist would not debate the Court's procedural ruling that it does not have the jurisdiction necessary to hear Scott's claims. Consequently, the Court will not issue a certificate of appealability from its decision.

For the reasons discussed above, the Court enters the following orders:

**IT IS ORDERED** that Kenneth Wayne Scott's Third "Petition for a Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1-2) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Kenneth Wayne Scott is **DENIED a CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 8th day of September 2020.

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE